IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LORIN PORTER, SR.,

        Petitioner,                    No. CIV S-07-0657 FCD GGH P

    vs.

R. J. SUBIA, et al.,

        Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed April 5, 2007. Pending before the court is respondent's July 13, 2007, motion to dismiss for failure to state a claim pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases. For the following reasons, the court recommends that respondent's motion be granted in part and denied in part.

        Petitioner challenges a decision by the Board of Parole Hearings (BPH) finding him suitable for parole. Respondent argues that the petition should be dismissed because his claim that the BPH violated its own rules does not present a federal question and because he does not indicate what parole suitability hearing he is challenging.

/////

1    Respondent is correct that petitioner does not identity the specific date of the
2 suitability hearing he is challenging.  However, the petition identifies the dates of the orders by
3 the Sacramento County Superior Court, California Court of Appeal and California Supreme
4 Court denying his petitions raising the claims raised in the instant action.  On July 24, 2007, in
5 support of his opposition, petitioner filed copies of these orders.  A review of these documents
6 indicates that petitioner is challenging the August 23, 2005, decision by the BPH finding him
7 unsuitable.  Petitioner also filed a copy of the transcript from the at-issue hearing.  Because it is
8 clear what parole suitability hearing petitioner is challenging, the motion to dismiss on this
9 ground should be denied.

10    The court now turns to respondent's argument that petitioner's claim alleging that
11 the BPH violated their own regulations should be dismissed.  The petition raises four claims.
12 Claim one alleges that the BPH violated their own regulations by 1) not providing a complete
13 record from the hearing; 2) referring to petitioner as an "AB" dropout; 3) using petitioner's
14 psychiatric record from a previous hearing; and 4) finding that petitioner had used a weapon.
15 The gravamen of the remaining three claims is that the decision by the BPH finding petitioner
16 unsuitable was not supported by sufficient evidence in violation of petitioner's right to due
17 process.

18    A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis
19 of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d
20 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is
21 unavailable for alleged error in the interpretation or application of state law.  Middleton v. Cupp,
22 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v.
23 Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state
24 issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).
25 /////
26 /////

1      The Supreme Court has reiterated the standards of review for a federal habeas
2  court.  Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991).  In Estelle v. McGuire, the
3  Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had
4  granted federal habeas relief.  The Court held that the Ninth Circuit erred in concluding that the
5  evidence was incorrectly admitted under state law since, "it is not the province of a federal
6  habeas court to reexamine state court determinations on state law questions."  Id. at 67-68, 112 S.
7  Ct. at 480.  The Court re-emphasized that "federal habeas corpus relief does not lie for error in
8  state law."  Id. at 67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092,
9  3102 (1990), and Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts
10 may not grant habeas relief where the sole ground presented involves a perceived error of state
11 law, unless said error is so egregious as to amount to a violation of the Due Process or Equal
12 Protection clauses of the Fourteenth Amendment).

13     Based on the law set forth immediately above, claim one must be dismissed
14 because it alleges a violation of state law only.  The remaining claims, whether meritorious or
15 not, are allegations that due process was violated.  Accordingly, the motion to dismiss claim one
16 should be granted.

17     Accordingly, IT IS HEREBY RECOMMENDED that respondent's July 13, 2007,
18 motion to dismiss claim one of the petition be granted; respondent's motion be denied in all other
19 respects; respondent be ordered to file an answer to the remaining claims within thirty days of the
20 adoption of these findings and recommendations.

21     These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
23 days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26 shall be served and filed within ten days after service of the objections.  The parties are advised

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 10/30/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

7  por657.157